**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., | Civil Action No.: 14-2586 |
| Plaintiff, | Hon. Gregory L. Frost<br>Mag. Elizabeth A. Preston Deavers |
| vs. | |
| CAFEPRESS INC., | |
| Defendant. | |

**ANSWER**

Defendant CafePress Inc. ("CafePress"), by and through its undersigned counsel, hereby answers the Verified Complaint for Trademark Infringement, Counterfeiting, Unfair Competition, Dilution, and Violation of State Statute and Common Law ("Complaint") filed by Plaintiff Victoria's Secret Stores Brand Management, Inc. ("Victoria's Secret"), as follows:

**NATURE OF THE ACTION**

1.      In answering paragraph 1 of the Complaint, CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the corporate structure of Victoria's Secret and whether Victoria's Secret's trademarks are "well-known," and therefore denies the same. CafePress admits that Victoria's Secret is seeking an injunction, damages, and other relief in this action, but denies that Victoria's Secret's claims have any merit. CafePress denies the remaining allegations in paragraph 1.

**THE PARTIES**

2.      CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies the same.

3.      CafePress admits the allegations of paragraph 3.

**JURISDICTION AND VENUE**

4.      In answering paragraph 4 of the Complaint, CafePress admits that Victoria's Secret has alleged claims under the Lanham Act, Ohio Rev. Code § 4165.01 *et seq.*, and Ohio common law, but denies that Victoria's Secret's claims have any merit.

5.      In answering paragraph 5 of the Complaint, CafePress admits that this Court has jurisdiction over Victoria's Secret's claims, but denies that Victoria's Secret's claims have any merit.

6.      In answering paragraph 6 of the Complaint, CafePress admits that venue is proper in this judicial district and that the Court has personal jurisdiction over CafePress, but denies the remainder of the allegations in paragraph 6.

**FACTS**

7.      CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies the same.

8.      CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies the same.

9.      CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies the same.

10.      CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore denies the same.

11.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies the same.

12.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies the same.

13.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies the same.

14.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies the same.

15.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies the same.

16.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies the same.

17.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies the same.

18.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore denies the same.

19.     CafePress admits that Exhibit A appears to be comprised of undated screenshots from Victoria's Secret's website, but lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies the same.

20.     CafePress admits that Victoria's Secret owns numerous trademark registrations and applications, but lacks sufficient knowledge or information to form a belief as to whether Exhibit B accurately characterizes those registrations and applications and therefore denies the allegations of paragraph 20 of the Complaint.

21.     CafePress admits the allegations of paragraph 21 of the Complaint but states that the graphic designs offered on its site are uploaded by users.

22.     CafePress denies the allegations of paragraph 22 of the Complaint.

23.     CafePress admits that CafePress users can print their images on clothing, fashion accessories, and gift items, among other products. CafePress denies the remaining allegations in paragraph 23.

24.     CafePress denies that there are currently any Infringing Designs (as defined by paragraph 22 of the Complaint) on its website or that it "imprints" or ships any Infringing Product (as defined in paragraph 24 of the Complaint).

25.     CafePress admits that Exhibit C appears to be comprised of undated screenshots that may have at one time appeared on its website, but denies the remaining allegations of paragraph 25.

26.     CafePress admits that Exhibit C appears to be comprised of undated screenshots that may have at one time appeared on its website, but denies the remaining allegations of paragraph 26.

27.     CafePress denies the allegations of paragraph 27 of the Complaint.

28.     CafePress denies the allegations of paragraph 28 of the Complaint.

29.     CafePress admits that there is a search tool on its website but denies the remaining allegations of paragraph 29.

30.     CafePress denies the allegations of paragraph 30 of the Complaint.

31.     CafePress denies the allegations of paragraph 31 of the Complaint.

32.     CafePress denies the allegations of paragraph 32 of the Complaint.

33.     CafePress admits that the URL displayed in Exhibit D lists "victoria secret" among hundreds of other phrases, but denies the remaining allegations of paragraph 33.

34.     CafePress admits that Exhibit E appears to be comprised of undated screenshots from its website, but denies that any of the products displayed are infringing. CafePress further states that while the images were at one time uploaded by a CafePress user to its website, they were promptly removed by CafePress (despite no legal obligation to do so) upon learning of Victoria's Secret's objection to the images. CafePress admits that its users printed and paid for products bearing two of the designs in Exhibit E (PID: 9081367; 1139752123), but denies that any users printed or paid for any product with the other design displayed in Exhibit E (PID: 290856792). CafePress denies the remaining allegations of paragraph 34.

35.     CafePress admits that Exhibit E4 appears to be comprised of undated screenshots that may have at one time appeared on its website, but denies the remaining allegations of paragraph 35.

36.     CafePress admits the allegations of paragraph 36 of the Complaint, but denies that it made any infringing use of Victoria's Secret's Marks or the Pink Marks.

## **COUNT I**

37.     CafePress repeats its responses to paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.     CafePress denies the allegations of paragraph 38 of the Complaint.

39.     CafePress denies the allegations of paragraph 39 of the Complaint.

40.     CafePress denies the allegations of paragraph 40 of the Complaint.

## COUNT II

41.     CafePress repeats its responses to paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42.     CafePress denies the allegations of paragraph 42 of the Complaint.

43.     CafePress denies the allegations of paragraph 43 of the Complaint.

44.     CafePress denies the allegations of paragraph 44 of the Complaint.

## COUNT III

45.     CafePress repeats its responses to paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, and therefore denies the same.

47.     CafePress denies the allegations of paragraph 47 of the Complaint.

48.     CafePress denies the allegations of paragraph 48 of the Complaint.

49.     CafePress denies the allegations of paragraph 49 of the Complaint.

## COUNT IV

50.     CafePress repeats its responses to paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and therefore denies the same.

52.     CafePress denies the allegations of paragraph 52 of the Complaint.

53.     CafePress denies the allegations of paragraph 53 of the Complaint.

## COUNT V

54.     CafePress repeats its responses to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55.     CafePress denies the allegations of paragraph 55 of the Complaint.

56.     CafePress denies the allegations of paragraph 56 of the Complaint.

57.     CafePress denies the allegations of paragraph 57 of the Complaint.

## COUNT VI

58.     CafePress repeats its responses to paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59.     CafePress denies the allegations of paragraph 59 of the Complaint.

60.     CafePress denies the allegations of paragraph 60 of the Complaint.

61.     CafePress denies the allegations of paragraph 61 of the Complaint.

## PRAYER FOR RELIEF

CafePress denies that Victoria's Secret is entitled to any of the relief described in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     Victoria's Secret's Complaint, and each claim for relief alleged, fails to state facts sufficient to constitute a claim for relief against CafePress.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

2.     Victoria's Secret's claims are barred, in whole or in part, by laches.

## THIRD AFFIRMATIVE DEFENSE

### (Fair Use)

3.      Victoria's Secret's claims are barred, in whole or in part, by fair use.

## FOURTH AFFIRMATIVE DEFENSE

### (Innocent Printer)

4.      Victoria's Secret's claims are barred, in whole or in part, because CafePress is entitled to the innocent printer defense. 15 U.S.C. § 1114(2)(A).

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Provide Notice)

5.      Victoria's Secret's claims are barred, in whole or in part, because it failed to provide notice of the alleged user infringement. *See Tiffany Inc. v. eBay Inc.*, 600 F.3d 93 (2d Cir. 2010).

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.      Victoria's Secret's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.      Victoria's Secret's claims are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Acquiescence)

8.     Victoria's Secret's claims are barred, in whole or in part, by the doctrine of acquiescence.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

9.     Victoria's Secret's claims are barred, in whole or in part, because it failed to mitigate alleged damages.

## RESERVATION OF RIGHTS AND DEFENSES

10.     CafePress reserves the right to raise additional defenses as it becomes aware of them.

## CAFEPRESS' PRAYER FOR RELIEF

**WHEREFORE**, CafePress prays for relief as follows:

1.     That Victoria's Secret takes nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

2.     That the Court enter judgment that CafePress is the prevailing party in this action;

3.     That the Court award CafePress all costs, expenses, and attorneys' fees to which it is entitled under applicable law; and

4.     That the Court award any and all other relief to which CafePress may be entitled.

Dated: January 26, 2015                Respectfully submitted,

                                                      *s/ Michele L. Johnson*
                                                      Michele L. Johnson, Esq. (0072573)
                                                      (and Florida Bar Number 13570)
                                                      GREENBERG TRAURIG, P.A.
                                                      450 South Orange Avenue, Suite 650

Orlando, FL 32801
Tel: 407-317-8538; Fax: 407-841-1295
Email:  JohnsonM@gtlaw.com

Ian C. Ballon (Admitted *Pro Hac Vice*)
Greenberg Traurig, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Tel: 650-289-7881; Fax: 650-462-7881
Email: Ballon@gtlaw.com

Nina D. Boyajian (Admitted *Pro Hac Vice*)
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-6587; Fax: 310-586-0587
Email: BoyajianN@gtlaw.com

*Attorneys for Defendant CafePress Inc.*

## JURY DEMAND

CafePress Inc. hereby demands a jury trial of all issues so triable.


Dated: January 26, 2015                    Respectfully submitted,

                                           *s/ Michele L. Johnson*
                                           Michele L. Johnson, Esq. (0072573)
                                           (and Florida Bar Number 13570)
                                           GREENBERG TRAURIG, P.A.
                                           450 South Orange Avenue, Suite 650
                                           Orlando, FL 32801
                                           Tel: 407-317-8538; Fax: 407-841-1295
                                           Email:  JohnsonM@gtlaw.com

                                           Ian C. Ballon (Admitted *Pro Hac Vice*)
                                           Greenberg Traurig, LLP
                                           1900 University Avenue, 5th Floor
                                           East Palo Alto, CA 94303
                                           Tel: 650-289-7881; Fax: 650-462-7881
                                           Email: Ballon@gtlaw.com

                                           Nina D. Boyajian (Admitted *Pro Hac Vice*)
                                           Greenberg Traurig, LLP
                                           1840 Century Park East, Suite 1900
                                           Los Angeles, CA 90067-2121
                                           Tel: 310-586-6587; Fax: 310-586-0587
                                           Email: BoyajianN@gtlaw.com

                                           *Attorneys for Defendant CafePress Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on <u>January 26, 2015</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

     Keith Shumate, Esq.
     Heather Stutz, Esq.
     Squire Patton Boggs LLP
     2000 Huntington Center
     41 South High Street
     Columbus, OH 43215
     Telephone: (614) 365-2700
     Email: keith.shumate@squirepb.com; heather.stutz@squirepb.com
     *Attorneys for Plaintiff Victoria's Secret Stores Brand Management, Inc.*

     Kevin C. Parks, Esq.
     Michelle L. Zimmermann, Esq.
     Stella Brown, Esq.
     Leydig, Voit & Mayer, Ltd.
     180 North Stetson
     Two Prudential Plaza, Suite 4900
     Chicago, IL 60601
     Tel: 312-616-5669; 312-616-5600 (Main Nbr.)
     Email: kparks@leydig.com; mzimmermann@leydig.com; sbrown@leydig.com
     *Attorneys for Plaintiff Victoria's Secret Stores Brand Management, Inc.*

     *s/ Michele L. Johnson*
     Michele L. Johnson, Esq. (0072573)
     (and Florida Bar Number 13570)
     GREENBERG TRAURIG, P.A.
     450 South Orange Avenue, Suite 650
     Orlando, FL 32801
     Tel: 407-317-8538; Fax: 407-841-1295
     Email:  JohnsonM@gtlaw.com

     *Attorneys for Defendant CafePress Inc.*